### SHEFFIELD–KING MILLING CO. v. GILLILAND.

(Supreme Court, Special Term, Clinton County. April 27, 1910.)

SALES (§ 32*)—CONTRACTS BY CORRESPONDENCE—BREACH.

Plaintiff made a written offer to defendant to sell him a car of flour at a stated price, and defendant by letter accepted and promised to send shipping orders. 'Plaintiff then sent an acknowledgment of defendant's order, containing provisions that the buyer might call for delivery at any time within 60 days, that a failure to order delivery within that period should make him liable to a storage charge, and that no cancellation of the order could be made after· actual shipment, regardless of the time

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

elapsed from date of contract. Defendant sent no shipping orders, and after more than 60 days the flour was shipped to him, and he refused to accept it. *Held* that, whether the contract was completed by the letter of acceptance or included the acknowledgment with its provisions, there was a complete contract of sale, for breach of which damages were recoverable.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 59; Dec. Dig. § 32.*]

Action by the Sheffield-King Milling Company against Edward T. Gilliland. Judgment directed for the plaintiff.

C. J. Vert, for plaintiff.

Egbert C. Everest, for defendant.

HENRY T. KELLOGG, J.   On June 12, 1906, the plaintiff made an offer to sell a car of flour to defendant, at a price stated, on a wood or barrel basis.   On June 14th the defendant accepted such offer, stating that assortment and shipping instructions would be forwarded the following day.   On June 18th the plaintiff wrote the defendant, thanking him for his order, and stating that it had booked him for 175 barrels of flour at $4.65, wood basis; such being the agreed price. With this letter the plaintiff inclosed a formal acknowledgment of the order.   This paper contained a provision that, when no time of shipment was specified, it was to be understood that the buyer should have the option of ordering delivery at his convenience within 60 days from the date of sale, and that a failure to order out the goods within such time should make him liable to a carrying charge of 5 per cent. for each delay of 30 days, or fraction thereof, after the 60-day period.   It also provided as follows:

"Seller is obligated to ship within contract time, and a failure to do so shall give buyer the right to cancel sale and recover from seller any proven loss; provided, however, that no cancellation can be made after shipment has actually been made, regardless of the time elapsed from date of contract."

The defendant never sent to the plaintiff assortment and shipping directions as agreed, never ordered delivery of the car in question, and never attempted to cancel his order until after shipment had actually been made.   On September 18, 1906, the plaintiff shipped the car of flour to the defendant.   The car, being refused, was diverted by the plaintiff to Boston, and there sold at a loss to the plaintiff, including the expenses of sale, of 45 cents a barrel.   This action is brought to recover such loss and a storage charge of 5 cents per barrel, as specified in the acknowledgment of order above referred to.

It is entirely clear that, if the contract was made complete by the letter of acceptance sent by the defendant to the plaintiff on June 14th, as above stated, the delay in shipment was wholly due to the failure of defendant to send assortment and shipping directions as promised. If the letter acknowledging the order of the defendant is to be considered a part of the contract, as urged by the defendant, he has nevertheless made himself liable for a breach of the contract.   The 60-day period for delivery therein provided for was a provision clearly made for the exclusive benefit of the defendant.   During this period the

defendant could at any time, at the beginning or end thereof, order delivery; whereas the plaintiff was not permitted to deliver until after the expiration of such period, unless delivery was sooner ordered. The obligation of the plaintiff, therein stated, to deliver within 60 days, was entirely consistent with the option of the plaintiff to delay delivery; for such obligation clearly arose only after notice given by defendant to make shipment. This construction of the letter of acknowledgment makes it harmonious, and is reasonable. The plaintiff was therefore within its rights when it made shipment after the expiration of the 60-day period, and the defendant is liable to plaintiff for the loss claimed, including cost of storage, because of his delay in ordering delivery and his refusal to receive the car.

Judgment accordingly.